# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 20, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | |
| DONALD WINKLER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-203V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * | | |

Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
Ryan Daniel Pyles, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS**[1]

On February 9, 2018, Donald Winkler ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he suffered Guillain-Barré syndrome ("GBS") as the result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination administered on April 26, 2017.  Petition at Preamble (ECF No. 1).  On December 10, 2021, the undersigned issued a decision dismissing the petition.  Decision dated Dec. 10, 2021 (ECF No. 60).  Thereafter, Petitioner filed a motion for review, which was denied on April 28, 2022.  Order and Opinion dated Apr. 28, 2022 (ECF No. 68).  Petitioner then

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

appealed to the U.S. Court of Appeal for the Federal Circuit, and a mandate affirming the dismissal of Petitioner case issued on April 4, 2024.  Mandate dated Apr. 4, 2024 (ECF No. 77).

On May 6, 2024, Petitioner filed an application for attorneys' fees and costs.  Petitioner's Application for Attorneys' Fees and Costs ("Pet. App."), filed May 6, 2024 (ECF No. 79).  Petitioner requests compensation in the amount of $221,980.63, representing $207,489.10 in attorneys' fees and $14,491.53 in costs.  Id. at 1.  Pursuant to General Order No. 9, Petitioner warrants that he has not personally incurred any costs in pursuit of his claim for compensation.  Id. at 1-2.  Respondent filed his response on May 9, 2024, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response to Pet. App. ("Resp. Response"), filed May 7, 2024, at 2 (ECF No. 80).  Petitioner filed a reply on May 9, 2024, maintaining his request for fees and costs.  Pet. Reply to Resp. Response, filed May 8, 2024 (ECF No. 81).  The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion and awards a total of $221,980.63.

**I.      DISCUSSION**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  In this case, although the petition was eventually dismissed, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency.  Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis, stating he was satisfied the statutory requirements were met.  Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

**A.      Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3

2

F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of his counsel: for Ms. Leah Durant, $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, and $486.00 per hour for work performed in 2024; for Mr. Michael Milmoe, $455.00 for work performed in 2018, $464.00 per hour for work performed in 2019; $484.00 per hour for work performed in 2020, $509.00 per hour for work performed in 2021, $525.00 per hour for work performed in 2022, $553.00 per hour for work performed in 2023, and $584.00 per hour for work performed in 2024; for Summer Abel, $260.00 per hour for work performed in 2020; for Christopher Williams, $325.00 per hour for work performed in 2021; for Richard Amada, $400.00 per hour for work performed in 2021; and for Glenn MacLeod, $525.00 per hour for work performed in 2022, $553.00 per hour for work performed in 2023, and $584.00 per hour for work performed in 2024. Petitioner also requests the following rates for work of their counsel's paralegals: $145.00 per hour for work performed in 2017, $150.00 per hour for work performed in 2018, $160.00 per hour for work performed in 2020, $165.00 per hour for work performed in 2021, and $190.00 per hour for work performed in 2024. The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760

3

(1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full.

However, the undersigned warns Petitioner's attorneys against billing for filing documents. Throughout litigation, Petitioner's attorneys consistently included filing documents in their billing entries.[3] All of these entries were from Petitioner's attorneys at their respective attorney rates. Additionally, most of these billing entries contained block billing, making it impossible to discern how much time was spent on noncompensable tasks. For example, on September 3, 2020, Mr. Milmoe billed 3.00 hours, for a total of $1,452.00, for "Review and prepare evidence, and review medical literature (all). Draft and file Notice of Filing. File medical records as Exhibits." And on January 29, 2024, Mr. Milmoe billed 7.0 hours, a total of $4,088.00, for "Coordinate with Counsel Press. Finalize and file Petition for Panel Rehearing and Rehearing En Banc. (Court of Appeals)."

It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Additionally, "[i]t is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)).

The undersigned will not deduct Petitioner's fees request, due to the reasonableness of the overall amount requested. However, counsel is warned against billing for filing documents in the future. The undersigned may deduct for this in the future.

### B. Attorneys' Costs

Petitioner requests a total of $14,491.53 in attorneys' costs. This amount is comprised of acquiring medical records, the filing fee, obtaining medical literature, and for work performed by

---

[3] These entries are dated February 9, 2018 ($1,365.00), April 9, 2018 ($227.50 and $91.00), April 15, 2019 ($92.80), June 10, 2019 ($92.80), August 19, 2019 ($1,624.00), October 8, 2019 ($92.80), October 29, 2019 ($92.80), March 6, 2020 ($96.80), May 4, 2020 ($96.80), May 18, 2020 ($96.80), July 6, 2020 ($96.80), September 3, 2020 ($1,452.00), March 5, 2021 ($84.00), March 12, 2021 ($101.80), March 22, 2021 ($101.80), March 24, 2021 ($3,817.50), July 23, 2021 ($3,308.50), August 26, 2021 ($101.80), October 4, 2021 ($101.80), January 10, 2022 ($5,250.00), June 28, 2022 ($105.00), July 12, 2022 ($105.00 and $105.00), July 28, 2022 ($105.00), October 25, 2022 ($105.00), January 25, 2023 ($4,424.00), August 30, 2023 ($276.50), and January 29, 2024 ($4,088.00). In all, these entries total $27,698.60.

Petitioner's expert, Dr. M. John Rinker. The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $207,489.10 |
| (Total Reduction from Billing Hours) | -$0.00 |
| **Total Attorneys' Fees Awarded** | **$207,489.10** |
| | |
| Attorneys' Costs Requested | $14,491.53 |
| (Reduction of Costs) | -$0.00 |
| **Total Attorneys' Costs Awarded** | **$14,491.53** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$221,980.63** |

**Accordingly, the undersigned awards $221,980.63 in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Leah Durant.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

   **IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.